UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KUM NAM LEE,

            Plaintiff,

-against-

PROLAND MANAGEMENT,

            Defendant.

1:22-CV-0207 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    On January 7, 2022, the court received a *pro se* submission purportedly brought by Kum Nam Lee. The submission is a one-page handwritten complaint naming Proland Management as the sole defendant, asserting claims under 42 U.S.C. § 1983, and alleging the following: "Taxpayer damage or no discrimination by jury a writ of attachment, garnishment an ownership amount of damage is $Ten millions dollars. I am injured to redress required. A claim by: Kum Nam Lee a pro se required reason by Section 8 apartment appl[i]ed den[i]ed, no discrimination." (ECF 1.)

    To proceed with a civil action in this court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, submit a completed and signed IFP application. *See* 28 U.S.C. §§ 1914, 1915. The present submission was received without the fees to bring this action or a completed and signed IFP application.

    A review of the Public Access to Court Electronic Records (PACER) system reveals that the submission, filed in the name of Kum Nam Lee ("Lee"), appears to have been filed by Young

Yil Jo ("Jo").[1] Jo is not a stranger to this court, where he has filed hundreds of actions. These actions have been filed in both his own name and in the names of other purported plaintiffs. Because of Jo's history in this court, by order dated May 6, 2015, the Honorable Loretta A. Preska, in her capacity as then-Chief Judge, enjoined Jo from filing any new civil action or proceeding in this court without first obtaining leave of the court. *See In re Young Yil Jo*, ECF 1:14-CV-7793, 3 (S.D.N.Y. May 6, 2015). In that order, and in a previous January 8, 2015, order, Judge Preska dismissed the actions Jo brought in the names of other purported plaintiffs without prejudice to any civil action the purported plaintiffs wished to bring, and barred Jo from filing any document in this court in the name of another person. ECF 1:14-CV-7793, 2, 3.

Because the Court finds that this action was filed by Jo, the Court dismisses this action without prejudice to any civil action that Lee may wish to bring in the future.

The Court advises Jo that the orders issued in *In re Young Yil Jo*, 1:14-CV-7793 (S.D.N.Y.), remain in effect. Jo is enjoined from filing any new civil action or proceeding in this court without first obtaining leave of the court. Jo also remains barred from filing any document in this court in the name of another person.

The Court will continue to dismiss any civil action or proceeding filed by Jo in the name of another person without prejudice to any civil action that person may wish to bring in the

---

[1] A review of PACER reveals that Jo filed other actions in Lee's name in the United States District Courts for the Central District of California and the Middle District of Florida. *See Jo v. Six Unknown Names Agents*, 2:20-CV-1377, 1, 5 (C.D. Cal.) (original and amended complaint naming Jo, Lee, and others as plaintiffs, but signed only by Jo); *Jo v. Six Unknown Names Agents*, 2:20-CV-0307, 1 (C.D. Cal.) (same as to original complaint); *Jo v. Six Unknown Names Agents*, 2:19-CV-10465, 1 (C.D. Cal.) (same); *Jo v. Trump*, 2:19-CV-9805, 1 (C.D. Cal.) (same); *Jo v. Six Unknown Names Agents,* , 2:19-CV-8687, 1 (C.D. Cal.) (same); *Jo v. Six Unknown Names Agents*, 2:19-CV-7850, 1 (C.D. Cal.) (same); *Jo v. Six Unknown Names Agents*, 2:19-CV-5119, 1 (C.D. Cal.) (same); *Jo v. Six Unknown Names Agents*, 6:19-CV-0903, 1 (M.D. Fla.) (same); *Jo v. Six Unknown Names Agents*, 6:19-CV-0686, 1 (M.D. Fla.) (same); *Jo v. Six Unknown Names Agents*, 6:19-CV-0474, 1 (M.D. Fla.) (same).

future. Should Jo persist in filing civil actions in this court in the name of other persons, the Court may impose additional restrictions and sanctions on him. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses this action without prejudice to any civil action that Kum Nam Lee may wish to bring in the future.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Kum Nam Lee at the address listed on the court's docket, and to Young Yil Jo, at 1932 East Washington Boulevard, Pasadena, California 91104, his address of record in *In re Young Yil Jo*, ECF 1:14-CV-7793 (S.D.N.Y.), and note service on the docket.

SO ORDERED.

Dated:   February 2, 2022
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge